38 F.3d 1222
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Jerry HALL,* Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 94-5058.
 United States Court of Appeals, Federal Circuit.
 June 3, 1994.
 
 Before NEWMAN, Circuit Judge, COWEN, Senior Circuit Judge, and MAYER, Circuit Judge.
 ON MOTION
 ORDER
 MAYER, Circuit Judge.
 
 
 1
 Jerry Hall moves for reconsideration of the court's May 4, 1994 order dismissing his appeal for failure to file a brief, with brief attached. The United States moves for summary affirmance of the December 10, 1993 judgment of the Court of Federal Claims dismissing Hall's claim for lack of jurisdiction.
 
 
 2
 Hall filed suit in the Court of Federal Claims seeking compensation for a suggestion for an expedited federal income tax refund service that he and his partner, Howard Miller, submitted to the government under the Internal Revenue Service's Incentive Award Program. See 5 U.S.C. Secs. 4501-4513; 5 C.F.R. Sec. 451.101. Hall alleged that the government implemented the suggestion under the name of "Rapid Refund" and claimed compensation in the amount of 5% of the gross of $360 million in revenue that he estimated was recovered by the government through the service. At the time the suggestion was submitted, Hall was self-employed and Miller was an employee of the United States Postal Service. Miller died before Hall filed his complaint.
 
 
 3
 On July 23, 1993, the Court of Federal Claims determined that it lacked jurisdiction over his claim because Hall was not and never had been a federal employee eligible for compensation under the incentive award program. Further, the court stated that while Miller, Hall's alleged partner, was an employee of the Postal Service at the relevant time, Postal Service employees were specifically excluded from the definition of "employee" under the incentive award program. See 5 U.S.C. Sec. 2105(e).
 
 
 4
 Moreover, the court concluded that the incentive award program was fully discretionary, and as such would not support Tucker Act jurisdiction, which must be based on a law or regulation mandating the payment of money. See 28 U.S.C. Sec. 1491(a)(1); United States v. Testan, 424 U.S. 392, 398 (1976). The court ordered that Hall's complaint, motion, and affidavit be returned to him unfiled.
 
 
 5
 Hall resubmitted his claim, naming Miller and the partnership, in addition to himself, as plaintiffs. The Court of Federal Claims treated Hall's submission as a motion for reconsideration of the court's July 23, 1993 order. On August 25, 1993, the court determined that Hall qualified for in forma pauperis status, but that the partnership, not being a "natural person," see 28 U.S.C. Sec. 1915 (1988), did not qualify for in forma pauperis status. Further, the court determined that the partnership could not be represented by Hall pro se and, pursuant to RCFC 81(d)(8), could only be represented by counsel. Again, the court ordered that Hall's complaint be returned unfiled.
 
 
 6
 Hall submitted his complaint a third time, continuing to name himself, Miller, and the partnership as plaintiffs. The Court of Federal Claims treated his submission as either a motion for reconsideration of the court's prior orders or a motion for leave to file the complaint pro se and in forma pauperis in his individual capacity. On December 6, 1993, the court granted Hall, individually, leave to file pro se and in forma pauperis. However, the court determined that, as Hall was not then or at the relevant time a federal employee eligible for the incentive award program, the court lacked jurisdiction over his claim. The court dismissed Hall's complaint. Final judgment was entered on December 10, 1993. Hall appealed to this court.
 
 
 7
 As we stated in Roynell Joshua v. United States, 17 F.3d 378, 380 (Fed.Cir.1994), "summary disposition is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." We agree with the Court of Federal Claims that the partnership could only be represented by counsel. Even if Hall could represent the partnership pro se, we agree with the United States' argument that the Court of Federal Claims still lacked jurisdiction over his claim because the incentive award program is not based on a money-mandating statute upon which Tucker Act jurisdiction may rest. Further, even if the Court of Federal Claims possessed Tucker Act jurisdiction, as stated by the trial court, Hall, Miller, and their partnership could not have qualified for compensation under the incentive award program because Hall was not a federal employee at the relevant time and Miller's Postal Service employment did not make him eligible for an award.
 
 
 8
 Therefore, it is clear that the Court of Federal Claims lacked jurisdiction over Hall's claim. Thus, there exists no substantial question regarding the outcome of Hall's appeal. Hall's case was appropriately dismissed by the Court of Federal Claims and we summarily affirm.
 
 
 9
 Accordingly,
 
 IT IS ORDERED THAT:
 
 10
 (1) Hall's motion for reconsideration of the court's dismissal order is granted.
 
 
 11
 (2) The May 4, 1994 dismissal order is vacated, the May 4, 1994 mandate is recalled, and Hall's appeal is reinstated for purposes of considering the United States' motion for summary affirmance.
 
 
 12
 (3) The United States' motion for summary affirmance is granted.
 
 
 13
 (4) Each side shall bear its own costs.
 
 
 
 *
 The caption is being revised to delete "The Partnership of (H & M) Hall & Miller and Howard Miller." Hall filed an amended complaint to include both of those parties in the Court of Federal Claims. However, the Court of Federal Claims returned the complaint unfiled on the ground that neither the partnership nor Miller (who is deceased) could be represented by Hall pro se